In the Matter of the Claim of RACHEL E. GRIMES, Respondent, against VILLAGE OF ALBION et al., Appellants, and SPECIAL DISABILITY FUND, Respondent.

WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 12, 1952.

*Bernard Katzen, General Attorney of The State Insurance Fund* (*George J. Hayes* and *Victor Fiddler* with him on the brief), for appellants.

*Nathaniel L. Goldstein, Attorney-General* (*Gilbert M. Landy* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Burroughs A. Strickland* for claimant-respondent.

FOSTER, P. J. Appeal by an employer and its insurance carrier from an award of death benefits made by the Workmen's Compensation Board to the widow of a deceased volunteer fireman.

Decedent was a member of the volunteer fire department of the village of Albion, New York. He died from a heart attack brought on as a result of excitement and exertion to which he was subjected while fighting a fire. His widow was awarded the sum of $3,000, for his death as a volunteer fireman, by the County Court of Orleans County under section 205 of the General Municipal Law. This sum was paid by the State Insurance Fund, insurer on that liability, and also insurer of the employer village under the Workmen's Compensation Law.

In addition to the foregoing a claim was filed for death benefits under the Workmen's Compensation Law. The board held that decedent sustained an accident which arose out of and in the course of his employment as a volunteer fireman, and made an award of death benefits to his widow at the rate of $10 a week. It also held that decedent had a pre-existing cardiac condition prior to the date of the accident, of which the employer was aware, and hence that paragraph (e) of subdivision 8 of section 15 of the Workmen's Compensation Law was applicable to the claim. This subdivision deals with the employment of partially disabled persons, and provides that an employer or its insurance carrier shall pay funeral expenses and death benefits in the first instance, but it also provides that an employer or its carrier shall be reimbursed from the Special Disability Fund for the payment of all death benefits in excess of 104 weeks. It may well be doubted whether the Legislature intended to encourage the employment of partially disabled persons as volunteer firemen, an extra hazardous occupation for which a special provision for death benefits was made in the General Municipal Law. No appeal however was taken from that part of the board's decision which held the statute cited was applicable.

As a result of that determination there is an apparent conflict with section 3 of the Workmen's Compensation Law in the disposition of this claim. This section includes volunteer firemen among those engaged in a hazardous employment, but it provides in part (subd. 1, Group 17) " the benefits payable to volunteer firemen under this chapter shall be only so much as the regular benefits hereunder shall exceed the benefits payable under section two hundred five of the general municipal law, notwithstanding the definition of the term ' employment ' in subdivision five of section two of this chapter.'' In view of the fact that the employer's liability, under paragraph (e) of subdivision 8 of section 15 is limited to 104 weeks it is argued that the foregoing language relieves the employer of all liability, since it is manifest that the death benefits under the General Municipal Law are greater. The board resolved this difficulty by holding that the payment of $3,000 death benefits to the widow pursuant to the provisions of the General Municipal Law suspended payments of death benefits under the Workmen's Compensation Law for 300 weeks, and that payment of death benefits under the latter law should commence on February 11, 1955. In connection therewith the board held the reimburse-

ment provision of paragraph (e) of subdivision 8 of section 15 referred to death benefits paid under the Workmen's Compensation Law.

I can find no express authority, statutory or otherwise, to support the action of the board in this regard, but it seems to me that a practical construction of the statutes involved sustains its determination. In the first place it is not disputed that the total death benefits payable under the Workmen's Compensation Law are in excess of those prescribed by the General Municipal Law. Thus, if the claim did not come within the provisions of paragraph (e) of subdivision 8 of section 15 of the Workmen's Compensation Law the employer and its carrier would be liable for all payments of death benefits awarded by the board. They are liable in any event, under the section cited, to pay such benefits in the first instance, and are relieved from payments beyond 104 weeks only by reimbursement from the Special Disability Fund. It would seem under this statutory scheme the Legislature intended the employer or carrier should pay death benefits for 104 weeks irrespective of the language of group 17 of subdivision 1 of section 3 of the Workmen's Compensation Law. In other words that the reimbursement provision of paragraph (e) of subdivision 8 of section 15 refers only to death benefits paid under the Workmen's Compensation Law and has nothing to do with the payment of death benefits under the General Municipal Law. On that basis, and to effectuate the fair intent of the statute, the board adopted the practical course of suspending payments by the employer or carrier until the benefits under the General Municipal Law had been exhausted.

The award should be affirmed, with costs to the Workmen's Compensation Board.

HEFFERNAN, BREWSTER, BERGAN and COON, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board.